UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AML IP LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>AERO GLOBAL LLC,<br><br>       Defendant. | 23 Civ. 11264 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  The operative case management plan and scheduling order, issued April 25, 2024, requires the parties to file any amended pleadings by May 8, 2024, and further instructs the parties that motions to amend filed after this date are subject to the "good cause" standard of Federal Rule of Civil Procedure 16(b)(4).  *See* ECF No. 24.  No such motions were received.  On June 5, 2024, Defendant filed a motion for judgment on the pleadings.  *See* ECF No. 25.

  On June 19, 2024, Plaintiff filed an Amended Complaint.  *See* ECF No. 27.  Plaintiff did not file a redline showing changes from the Complaint to the Amended Complaint, as required by Individual Rules 1(e) and 4(f).  However, it appears that the Amended Complaint deletes allegations regarding Defendant's continuing infringement and Defendant's knowledge of the patent at issue as of the filing of the Complaint, and removes a demand for injunctive relief.  *Compare* Compl. ¶¶ 11-13, VI(f), ECF No. 1, *with* Am. Compl. ¶¶ 11-13, VI.  The same day, Plaintiff also filed an opposition brief in response to Defendant's motion.  *See* ECF No. 28.  The opposition substantively responds to Defendant's arguments regarding the validity of the patent at issue and states that Plaintiff has amended its complaint to address Defendant's arguments regarding continued infringement.  *See id.* at 17.  Plaintiff also requests leave to amend further in the event the motion to dismiss is granted.  *See id.* at 17-18.

It is hereby **ORDERED** that, to avoid any uncertainty, the operative pleading for purposes of Defendant's motion for judgment on the pleadings is the original Complaint. Plaintiff does not offer any argument regarding Rule 16's good cause standard.  Further, although Plaintiff filed an amended complaint and an opposition brief as separate documents, it functionally seeks to amend its pleadings in opposition to Defendant's motion, which is not allowed.  See *Cambridge Cap. LLC v. Ruby Has LLC*, 565 F. Supp. 3d 420, 453 n.11 (S.D.N.Y 2021).  Decision is reserved on Plaintiff's request for leave to amend—both regarding continuing infringement and Defendant's remaining arguments—in the event that Defendant's motion is granted.

SO ORDERED.

Dated: June 21, 2024
New York, New York

_____
DALE E. HO
United States District Judge