UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AML IP, LLC,

Plaintiff(s),

v.

AERO GLOBAL, LLC,

Defendant(s).

23 Civ. 11264 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is Defendant Aero Global's ("Defendant") fee justification on attorney's fees from Plaintiff AML ("Plaintiff"), arising from litigation that the Court dismissed with prejudice; the Court, however, retained jurisdiction to adjudicate any sanctions motions. Order, ECF No. 44. Subsequently, in an Opinion and Order dated September 18, 2025, the Court determined that this is an "exceptional case" within the meaning of 35 U.S.C. § 285, warranting reasonable attorney's fees to be awarded to Defendant, the prevailing party. ECF No. 59 at 10-16. Pursuant to that Order, Defendant filed the instant fee justification ("Def.'s Fee Justification") on October 9, 2025, requesting $79,435 in attorney's fees. ECF No. 60. Plaintiff filed its Opposition ("Pl.'s Opp'n.") on October 23, 2025, arguing for a 23% reduction in Defendant's requested fees. ECF No. 61 at 1. Defendant filed its Reply in Support of Fee Justification ("Def.'s Reply Fee Justification") on October 30, 2025. ECF No. 62.

For the reasons stated herein, the Court finds that the requested fees are slightly excessive and the Fee Justification is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

For the purposes of this Opinion, the Court assumes familiarity with the facts of this case as set forth in the September 18, 2025 Opinion and Order. ECF No. 59. In relevant part, Defendant requests $79,435 in attorney's fees, Def.'s Fee Justification at 1, and supports this request with a billing report of the time entries invoiced on this matter. *Id.*, Ex. 1, ECF No. 60-2. The amount of fees Defendant seeks reflects 130.3 hours billed by one partner, Ariel Reinitz, at a rate of $600-650/hour. *See id*. Defendant notes that the request reflects a discount of approximately $10,000 for work performed by "other attorneys and professionals." Def.'s Fee Justification at 2.

In its Opposition, Plaintiff argues that the proportion of hours that Defendant billed on fee litigation is unreasonable, and objects to the "number of hours spent on fees." Pl.'s Opp'n. at 1. Plaintiff contends that the hours billed from November 18, 2024 to February 3, 2025 were spent exclusively on fee litigation and represent 46% of the total cost. *Id.* Plaintiff asserts that "[a] more reasonable amount would be half" of 46%—in other words, Plaintiff believes the total amount requested should be reduced by 23%, bringing the total amount to $61,165. *Id.* at 1. Defendant counters that the requested amount already reflects an approximate $10,000 reduction in fees for work billed by other attorneys and professionals, and thus further reduction is unwarranted. Def.'s Reply Fee Justification at 1. Defendant also argues that "a significant portion of the expense Defendant incurred in connection with its fee motion concerned reviewing and responding to Plaintiff's 18-page opposition . . . and its accompanying declarations." *Id.* at 1-2. Finally, Defendant points out that some of the hours billed in the period Plaintiff takes issue with were for tasks unrelated to the fee litigation, including writing a response to the Court's order on scheduling matters. *Id.* at 1.

## LEGAL STANDARD[1]

In deciding appropriate attorney's fees, district courts in this Circuit use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *McDonald ex rel. Prendergast v. Pension Plan of the N.Y. Shipping Ass'n-Int'l Longshoremen's Ass'n Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). In this case, the parties do not contest that the appropriate method for determining attorney's fees is the lodestar method, nor do they dispute that the rate is reasonable. *See* Def.'s Fee Justification at 1-3; Pl.'s Opp'n at 1. Thus, the only disagreement between the parties is whether the number of hours billed is reasonable, specifically with respect to the hours spent on fee litigation. Def.'s Fee Justification at 1-3; Pl.'s Opp'n at 1.

To assess the reasonableness of hours requested, the "prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." *McDonald*, 450 F.3d at 96. Accordingly, a court "properly excludes . . . excessive, redundant, or otherwise unnecessary" hours. *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022).

## DISCUSSION

There is no dispute about Defendant's requested rates, which are between $600-$650 per hour, and which are within the norm for this District.[2] The only dispute is about the number of hours spent litigating the issue of fees.

---

[1] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] The hourly rate for the fees sought by Defendant is between $600-$650/hour, as charged by partner Ariel Reinitz. Def.'s Fee Justification at 2-3. The Court finds no independent reason to dispute the reasonableness of this rate, as courts in this District have found similar rates to be reasonable. *See, e.g.*, *River Light V, L.P. v. Lin & J Int'l, Inc.*, No. 13 Civ. 3669, 2015 WL 3916271, at *11-12 (S.D.N.Y. June 25, 2015) (finding partner hourly rates of $720-725 reasonable and "generally consistent with prevailing rates for experienced partners in intellectual property cases in this District"); *GAKM Res. L.L.C. v. Jaylyn Sales Inc.,* No. 08 Civ. 6030, 2009 WL

Attorneys may seek fees for the time spent litigating the fee issue itself. *Colbert v. Furumoto Realty, Inc.*, 144 F. Supp. 2d 251, 262 (S.D.N.Y. 2001). When determining whether the hours a prevailing party spent on preparing a fee application were "excessive, redundant, or otherwise unnecessary," a court uses its "familiarity with the case and its experience generally" and "the evidentiary submissions and arguments of the parties." *Pinner v. Budget Mortg. Bankers, Ltd.*, 336 F. Supp. 2d 217, 221 (E.D.N.Y. 2004), *aff'd*, 169 F. App'x 599 (2d Cir. 2006).[3] Among other factors, courts may look to other "cases providing guidance as to range of reasonableness in drafting fee applications" and may assert "judicial caution [to ensure] that the litigation over fees . . . be proportional to the litigation itself . . . ." *Okyere v. Houslanger & Associates, PLLC*, No. 12 Civ. 1463, 2015 WL 4366865, at *24 (S.D.N.Y. May 28, 2015).

---

2150891, at *8 (S.D.N.Y. July 20, 2009) (finding an hourly rate of $650 reasonable for an intellectual property litigation partner in New York City with 19 years of experience).

[3] Some courts find a party to have waived their objections when the party fails to identify specific instances of excessiveness. *See, e.g.*, *Ceglia v. Zuckerberg*, No. 10 Civ. 596, 2013 WL 2535849, at *5 (W.D.N.Y. June 10, 2013) ("In the absence of specific objections to the number of hours claimed, the district judge cannot be expected to review, evaluate and rule on every entry in an attorney's fee application."); *Turley v. N.Y.C. Police Dep't*, No. 93 Civ. 8748, 1998 WL 760243, at *2 (S.D.N.Y. Oct. 30, 1998) ("Therefore, on the basis of the record that I can review and in the absence of a specific challenge by defendants' counsel, I recommend that defendants' argument that plaintiff's request for attorney's fees be reduced by twenty percent be rejected."). Other courts, however, rely on their own familiarity with the case and the court's experience generally. *See e.g.*, *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 276 F.R.D. 105, 113 (S.D.N.Y. 2011) (reducing hours billed on a reply to Plaintiff's opposition brief from 14 to 5.4 hours as the opposition did not contain case law); *Fink v. City of N.Y.*, 154 F. Supp. 2d 403, 412-13 (E.D.N.Y. 2001) (lowering the compensable hours spent on the fee application from 46.6 to 30 hours because the "actual memorandum of law in support of the motion for attorneys' fees totaled nine pages and involved only the most routine case citations for legal propositions . . . . The nine page reply supplemented by some evidentiary exhibits should also not have taken seven hours to prepare"). Here, Plaintiff has not identified any specific instances of excessiveness, but as explained below, the Court relies on its own familiarity with the case to determine that the hours spent on fees litigation in this case were slightly excessive.

The Court finds the hours spent on the reply brief in the fees in this case to be somewhat unreasonably excessive because (1) the hours exceed the range of hours that courts in this District have found to be reasonable for briefing fee applications; and (2) the hours spent on the fee application are disproportionate to the time spent on the merits of the underlying litigation. The discussion proceeds as follows. First, the Court determines which billed hours are properly attributed to the fees dispute. Then, the Court looks to guidance provided by other courts. In particular, the Court determines that the hours spent on Defendant's reply brief were excessive. Next, the Court considers the proportionality of the fee request for fee litigation with the litigation of the case's merits. Finally, the Court concludes that the fee justification should be reduced by 12.3 hours.

## I. Hours spent on litigating fees

At the outset, the Court must decide what hours are properly considered hours spent on fee litigation. Of the hours billed from November 18, 2024, to February 3, 2025, the Court notes that some of those hours were billed by attorneys and staff other than Ariel Reinitz and are thus already excluded from the requested fee amount;[4] for these reasons, the Court does not consider any entries by attorneys and staff other than Ariel Reinitz in the time period at issue. Def.'s Fee Justification at 1. Additionally, the Court does not credit the 2.5 hours billed by Reinitz on November 18, 2024 to "Draft response to court order re: dismissal and sanctions" as fee litigation. *Id.*, Ex.1 at 3. Nor does the Court credit the 1.5 hours billed by Reinitz on December 24, 2024 for "Court correspondence (letter brief) re: case deadlines" as fee litigation. *Id.*, Ex. 1 at 2. Thus, the Court determines that the total number of hours spent on fee litigation is 44.5 hours billed by Ariel

---

[4] Defendant has reduced the requested fee from the $89,754.80 total shown on the billing report by $10,319.80. *See* Def.'s Fee Justification, Ex. 1 at 1. The resulting $79,435 requested reflects the amount billed by only Ariel Reinitz. *Id.*, at 1-14.

Reinitz, comprised of 19.4 hours billed between December 11, 2024 and December 16, 2024 and 25.1 hours billed between February 1, 2025 and February 3, 2025. *Id.*, Ex. 1 at 1-3.

Of these fee litigation hours, 19.4 were spent on a 20-page Motion for Exceptional Case Finding and Attorney's Fees ("Fee Mot."), ECF No. 49. In response to that motion, Plaintiff filed an 18-page opposition ("Pl.'s Opp'n Fee Mot."), ECF No. 53. Defendant billed 25.1 hours on a 9-page reply ("Def.'s Reply Fee Mot."), ECF No. 54.

**II. Case guidance on range of reasonableness**

Courts in this District generally limit compensable hours for fee applications to 30 hours or less; the 44.5 hours spent on fee litigation here exceeds that substantially. *See, e.g.*, *Okyere & Houslanger & Assocs.*, 2015 WL 4366865, at *23-24 (lowering the compensable hours spent on a fee application and reply from over 75.7 to 25 hours); *Fink*, 154 F .Supp. 2d at 412-413 (reducing the fees on fees request to a "generous" thirty hours due to the amount of material counsel had to review to prepare the fee application); *cf. City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2023 WL 8241607, at *6 (S.D.N.Y. Nov. 8, 2023), *report and recommendation adopted sub nom. City of Almaty, Kaz. v. Sater*, No. 15 Civ. 5345, 2023 WL 8237115 (S.D.N.Y. Nov. 28, 2023) (granting 33.1 hours on a fee application, which is on "high end in terms of what courts in this district have approved" as the fee application required more time than a typical case due to the seven-year billing period); *Santander Consumer USA, Inc. v. City of Yonkers*, No. 22 Civ. 8870, 2025 WL 2673773, at *7 (S.D.N.Y. Sept. 18, 2025) (reducing the requested fee application fees of 51.3 hours by 30% as there were no "special circumstances to justify the hours expended on the instant Motion" above the 30 hours generally granted in this Circuit).

As an initial matter, the Court finds that the initial 19.4 hours billed for the 25-page Motion are reasonable because of the case-specific legal research required and the drafting of the Motion itself. As for the total number of hours expended, Defendant contends that they are reasonable

given that "a significant portion of the expense Defendant incurred in connection with its fees motion concerned reviewing and responding to Plaintiff's 18-page opposition . . . and its accompanying (3) declarations." Def.'s Reply Fee Justification at 1-2. Given the length of Plaintiff's opposition, the Court credits this argument for the 3.8 hours Defendant's counsel billed for reviewing and starting Defendant's Reply. The Court is not persuaded by this reasoning, however, with regard to the 21.3 hours billed for "[f]urther researching reply to Plaintiff's opposition to motion for sanctions; further drafting reply brief." Def.'s Fee Justification, Ex. 1 at 1. The Court's "familiarity with the case and its experience generally," *Pinner*, 336 F. Supp. 2d at 221, lead the Court to find it excessive that a partner with 12 years of experience would spend 21.3 hours researching and drafting a 9-page Reply with limited new legal research. The Defendant's Reply cited only five cases that were not cited in the original Fee Motion. The limited amount of research required to address arguments made by Plaintiff, the recitation of arguments and case law stated in the original Fee Motion, and the few new cases cited therein, lead the Court to find the 21.3 hours billed for researching and drafting the reply brief to be excessive.

**III. Proportionality of Hours Spent on Fee Application**

While 30 hours is the generally accepted limit on compensable hours for fee applications, Courts have awarded fees in excess of 30 hours in limited cases. But when looking at those cases, those hours were proportional to the hours spent on the merits of the litigation. *See Chrysafis v. Marks*, No. 21 Civ. 2516, 2023 WL 6158537, at *11 (E.D.N.Y. Sept. 21, 2023) (granting 69.8 hours spent on a fee application where there was 1,174.32 hours of underlying litigation); *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1064-65 (S.D.N.Y. 1992) (granting 67.90 hours on a fee application when it represented "approximately 10.6% of the total fee requested").

"Many courts have noted that the norm in this circuit is to allow fees for fees awards that account for between 8 and 24% of the total fee award." *Black v. Nunwood, Inc.*, No. 13 Civ. 7207,

2015 WL 1958917, at *7 (S.D.N.Y. Apr. 30, 2015) (collecting cases); *see Davis v. City of New Rochelle*, 156 F.R.D. 549, 561 (S.D.N.Y. 1994) ("The Second Circuit has upheld fee awards where the time spent on the fee application was up to 24% of the total time claimed.").

Here, Defendant's fee justification reflects 44.5 hours billed for time spent on fee litigation, with only 85.8 hours billed for time spent on the merits of the case. Def.'s Fee Justification, Ex. 1 at 1-14. That represents 34% of the total hours billed,[5] well above the proportion generally granted by courts in this Circuit for hours spent on fee applications. Because the hours spent on litigating fees significantly exceed the generally accepted limit, and because those hours are not proportional to the hours spent litigating the underlying case, the Court concludes that the fee justification is unreasonably excessive.

**IV. Reduction for excessiveness**

Accordingly, the Court finds it appropriate to reduce the hours billed for drafting and finalizing the Defendant's 9-page Reply from 21.3 to 9 hours. *Cf. Rich Products Corp. v. Impress Indus., Inc.*, No. 05 Civ. 187, 2008 WL 203020 (W.D.N.Y. Jan. 23, 2008) ("This Court accepts that Georgia-Pacific's counsel reasonably spent more time on the reply papers than on the initial motion because the issues raised by Impress required additional research. But this Court finds 13.8 hours to be excessive, and reduces this entry by 4.8 hours to 9 hours."). As the 20-page original Fee Motion required 19.4 hours of work, a Reply of only 9 pages with few new legal citations should not exceed the roughly one hour-per-page rate billed for the original Fee Motion. Def.'s Fee Justification, Ex. 1 at 2-3.

---

[5] Because the Court determined the hours actually spent on fee litigation was not inclusive of the hours billed by attorneys and staff other than Ariel Reinitz and because some work performed during the relevant time period was not work on fees, the percentage of fee litigation is 34%, not 46%, as claimed by Plaintiff. *See* Pl.'s Opp'n at 1.

This brings the total number of hours spent on fee application litigation to 32.2 hours, which is closer to the range generally allowed by courts in this Circuit, with an additional allowance for the "unique facts of the case," including Plaintiff's 18-page Opposition and accompanying declarations. *Chrysafis*, 2023 WL 6158537, at *9. This reduction also brings the proportion of litigation on fees compared to underlying litigation to 24.7%, which is closer in line with the 8-24% range generally granted in this Circuit. *Black*, 2015 WL 1958917, at *7. The 12.3 hour reduction of time spent on the Defendant's Reply billed at $650/hour, Def.'s Fee Justification, Ex. 1 at 1, leads to a reduction of $7,995 from the requested amount of fees, resulting in a total of $71,440.

**CONCLUSION**

For the foregoing reasons, the Defendant's Fee Justification Submission is **GRANTED IN PART** and **DENIED IN PART**. The Court awards attorney's fees to Defendant in the amount of $71,440. The Clerk of Court is respectfully directed to close ECF No. 60.

**SO ORDERED**.

Dated: September 28, 2026

New York, New York

DALE E. HO
United States District Judge